

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY SHEPARD,<br><br>                     Plaintiff-Appellant,<br><br>  v.<br><br>ERIC K. SHINSEKI, Secretary,<br>Department of Veterans Affairs;<br>EDWARD RUSSELL, in his official<br>capacity; ALAN BITTLER, in his official<br>capacity,<br><br>                  Defendants-Appellees. | 14-16447<br><br>D.C. No. 3:12-cv-00554-HDM-VPC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada,
Howard D. McKibben, Senior District Judge, Presiding

Submitted July 5, 2016[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS, Senior District Judge.***

Timothy Shephard appeals the decision of the district court granting summary judgment to the secretary of the Department of Veterans Affairs ("VA").[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Shepard, a VA employee who suffers from cognitive disabilities, was transferred between departments[2] when his job was eliminated. He contends that the VA's denial of his request to be transferred back to his original job constituted failure to provide a reasonable accommodation in violation of the Rehabilitation Act, 29 U.S.C. § 791. The district court granted summary judgment to the VA, finding that the sole accommodation demanded by Shepard was not, as a matter of law, a "reasonable" accommodation.

Reviewing the district court's decision de novo and viewing the evidence in the light most favorable to Shepard, *see McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016), we find no genuine issues of material fact and find that Shephard's prior position no longer existed. Because the "reasonable accommodation" requirement does not require an employer to create a new job for

---

*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

[1] Robert McDonald has been automatically substituted as defendant for Eric Shinseki pursuant to Fed. R. Civ. P. 25(d).

[2] The transfer occurred before the VA was aware of Shepard's disability.

the disabled employee, *see Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999), the VA was not required to recreate Shepard's old job to accommodate his disability. Therefore, in denying Shepard's request for reinstatement to his old position, the VA did not deny Shepard a reasonable accommodation, and the district court properly granted summary judgment.[3]

**AFFIRMED**.

---

[3] Because the requested accommodation was not "reasonable," we need not reach the question of whether such an accommodation would impose "undue hardship" on the VA. *See U.S. Airways v. Barnett*, 535 U.S. 391, 402 (2002) ("Once the plaintiff has [shown that a particular accommodation would be reasonable], the defendant/employer <u>then</u> must show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." (emphasis added)).